# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JOHN M. THORP, Appellant, v. GEORGE F. STEWART,
Impleaded, etc., Respondent.

*Statute of frauds relating to contracts not to be performed within one year — when a
verbal agreement to give land to a person, provided he would support the owner
thereof during his life, is not within it.*

Appeal from a judgment in favor of the defendant, entered in Allegany county, on the report of a referee.

This action was brought to partition certain real estate, the legal title to which was in John W. Stewart, at the time of his death, intestate, the parties hereto being his heirs-at-law. The respondent set up as a defense to the action, that he was the equitable owner of the premises sought to be partitioned, under a parol agreement made by said intestate, to the effect that if the respondent, his son, would stay with his father and mother while they lived, and aid in taking care of them, he should have the title to the premises on the death of the survivor of them. Each of his parents is dead. The referee found that said agreement was made as alleged, and that it had been fully performed on the part of the respondent, and that the respondent is the equitable owner of the premises and entitled to a conveyance thereof, and that as such he is entitled to the surplus of the proceeds of the sale thereof in this action, after the payment of certain costs specified in the referee's report. It seems that a judgment of partition was previously entered by default, in pursuance of which a sale was had, and after such sale the respondent excused his default and was permitted to come in and defend.

The court at General Term, after holding that the evidence was sufficient to support the finding of the referee, said: "The appellant's counsel contends that the agreement, being oral, is within that provision of the statute of frauds which declares void every agreement that, by its terms, is not to be performed within one

year from the making thereof. The point was decided adversely to that contention in a similar case by the General Term of this court, in the fifth district. (*Dresser* v. *Dresser*, 35 Barb., 573.) It was there held that a verbal agreement to provide for a person during his life is valid, notwithstanding the statute, inasmuch as he might die within a year, and the statute only extends to agreements which cannot be performed within one year. Mr. Abbott, in his Digest (vol. 2, p. 243) says that on a subsequent appeal the Court of Appeals were divided on the question, but, as the case is unreversed, we feel bound to follow it.

" The judgment should be affirmed, with the costs of this appeal."

*George W. Daggett*, for the appellant.

*E. W. Packard*, for the respondent.

Opinion by SMITH, P. J.; HAIGHT, BRADLEY and LEWIS, JJ., concurred.

Judgment affirmed, with costs.